IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 20-cv-01116-WJM

IN RE: MAXIMINIO CORDOVA,

JEFFREY A. WEINMAN, Chapter 7 Trustee,

    Plaintiff,

v.

DORIS CORDOVA,

    Defendant.

## ORDER DENYING MOTION TO WITHDRAW THE REFERENCE

This matter is before the Court on a Motion to Withdraw Reference and Request for Trial by Jury ("Motion") filed by Defendant Doris Cordova ("Defendant"). (ECF No. 1.) Defendant asks the Court to withdraw the referral of this action to the United States Bankruptcy Court for the District of Colorado ("Bankruptcy Court"), and move the action to this Court. For the following reasons, Defendant's Motion is denied without prejudice.

### I. BACKGROUND

On September 12, 2019, Maximinio Cordova ("Debtor") filed a voluntary petition for Chapter 7 bankruptcy protection in the Bankruptcy Court. (*See* Bankr. D. Colo. Case No. 19-17898, ECF No. 1.)

Jeffrey A. Weinman ("Trustee"), who had been appointed as Chapter 7 Trustee in the Debtor's bankruptcy case, filed a related adversary proceeding against the

Debtor's wife, Defendant Doris Cordova on February 10, 2020.  (*See* Bankr. D. Colo. Adv. Pro. No. 20-1030-EEB ("Adversary Proceeding").)  In the Adversary Proceeding, the Trustee alleges that the Debtor's bankruptcy estate has at least a one-half equitable interest in two parcels of real property titled in Defendant's name.  (ECF No. 2 ¶ 2.)  The Trustee asserts six claims against Defendant: two claims for the imposition of a constructive trust, two claims for the imposition of a resulting trust, and two claims seeking authorization to sell the two properties pursuant to 11 U.S.C. § 363(h).  (*Id.*)  Because the claims underlying the Adversary Proceeding arise under Title 11 of the United States Code, the action was automatically referred to the Bankruptcy Court pursuant to D.C.COLO.LCivR 84.1(a).

On April 1, 2020, Defendant filed the instant Motion to withdraw the reference to the Bankruptcy Court.[1]  (ECF No. 1.)  The Trustee filed his Response on April 10, 2020 (ECF No. 2), and Defendant filed her reply on April 29, 2020 (ECF No. 7).  As discussed in additional detail below, the Court issued an order on June 15, 2020 directing the Trustee to respond to an argument raised for the first time by Defendant in her Reply—namely, whether this action involves "core" or "non-core" claims.  (ECF No. 8.)  The Trustee filed his response addressing this issue on June 24, 2020.  (ECF No. 9.)

## II.  LEGAL STANDARD

Generally, pursuant to 28 U.S.C. § 157(a) and D.C.COLO.LCivR 84.1(a), cases under Title 11, and proceedings arising under or related to cases under Title 11, are

---

[1] On April 20, 2020, the Bankruptcy Court referred the Motion to this Court pursuant to D.C.COLO.LCivR Rule 84.1.  (ECF No. 4.)

2

initially referred to the bankruptcy judges for this district. Under 28 U.S.C. § 157(d), a district court may, however, withdraw its reference of a case to the Bankruptcy Court on motion of a party or on its own motion "for cause shown," and it must withdraw the reference in certain circumstances where the proceedings implicate both the provisions of Title 11 and other sources of federal law. 28 U.S.C. § 157(d).

A bankruptcy court has jurisdiction to "hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11." 28 U.S.C. § 157(b)(1). However, bankruptcy courts have more limited authority in non-core proceedings; they may "hear and determine" such proceedings, and "enter appropriate orders and judgments," only "with the consent of all the parties to the proceeding." *Id*. § 157(c)(2); *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1940 (2015). Absent consent, bankruptcy courts in non-core proceedings may only "submit proposed findings of fact and conclusions of law," which the district courts review *de novo*. 11 U.S.C. § 157(c)(1).

### III.  DISCUSSION

Defendant contends that cause has been shown to withdraw the reference because: (1) she has demanded a jury trial in the Adversary Proceeding; and (2) the Adversary Proceeding involves "non-core" claims over which the Bankruptcy Court cannot issue a final order. (ECF No. 1 at 2–3; ECF No. 7 at 2.) The Court will consider each of Defendant's arguments below.

**A.  Demand for Jury Trial**

The Seventh Amendment provides: "In Suits at common law, where the value in

controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . ." This entitlement "extends to all suits where legal rights are involved. However, the Seventh Amendment does not apply to actions which involve only equitable rights or which traditionally arose in equity." *Bowdry v. United Airlines, Inc.*, 58 F.3d 1483, 1489 (10th Cir. 1995). In determining whether a jury trial is available, a court must analyze whether the action "involves legal rights, rather than equitable rights, by examining the nature of the issues involved and the remedies sought." *Id.* at 1489 n.12.

Although Defendant has demanded a jury trial in the Adversary Proceeding (ECF No. 1 at 1), the Trustee argues that Defendant is not entitled to a jury trial because the claims in this action are equitable in nature (ECF No. 2 at 2). The Court agrees.

The Tenth Circuit has held that a constructive trust claim is an equitable claim for which there is no right to a jury trial. *See Tenneco Oil Co. v. Joiner*, 696 F.2d 768, 776 (10th Cir. 1982) ("The constructive trust claim . . . arises under equity jurisprudence. The plaintiff is not entitled to have a jury trial when seeking this remedy."); *In re Behrends*, 2017 WL 4513071, at *19 (Bankr. D. Colo. Apr. 10, 2017) ("A constructive trust is an equitable remedy devised to prevent unjust enrichment and compel restitution of property that in equity and good conscience does not belong to the Defendant."). Resulting trusts are similarly equitable in nature. *See, e.g.*, *In re Behrends*, 2017 WL 4513071, at *19; *In re Norco Food Systems, Inc.*, 113 B.R. 233, 235 (Bankr. E.D.N.C. 1990) (recognizing that parties had no Seventh Amendment right to a jury trial for resulting trust claim). Moreover, because claims brought under 11 U.S.C. § 363(h) depend on whether the Trustee prevails on his constructive and

4

resulting trust claims, Defendant is likewise not entitled to a trial by jury on these claims. *See also In re Anketell*, 2018 WL 4698668, at *3 (Bankr. D. Mass. Sept. 28, 2018) (finding that a "court's decision to allow a § 363(h) sale is an equitable judgment that is discretionary and fact driven").

Accordingly, Defendant's demand for a jury trial is not a basis to withdraw the reference to the Bankruptcy Court, because Defendant is not entitled to a jury trial on these equitable claims.

**B.  Non-Core Claims**

11 U.S.C. § 157 classifies matters as either "core proceedings," which a bankruptcy court may "hear and determine" and on which the court "may enter appropriate orders and judgments," § 157(b)(1), or "non-core proceedings," which the bankruptcy court may hear, but for which the bankruptcy court is only empowered to submit proposed findings of fact and conclusions of law to the district court for *de novo* review, § 157(c)(1).

In her Reply, Defendant argues that the reference should be withdrawn because the action involves "non-core" claims over which the Bankruptcy Court cannot issue a final ruling. (ECF No. 7 at 2.) Because this argument was developed for the first time in her Reply, the Court directed the Trustee to file a response with his position about whether the Adversary Proceeding involves core or non-core claims. (ECF No. 8.) In his subsequent response, the Trustee states that he "does not dispute that his constructive and resulting trust claims are 'non-core' claims," but he argues that the Court should nonetheless delay withdrawal of the reference until discovery has been completed. (ECF No. 9 at 2–3.)

The Court has discretion to determine at what stage in the proceedings the reference should actually be withdrawn. *See In re American Title Servs. Co.*, 2015 WL 13229210, at *2 (D. Colo. Dec. 11, 2015) ("Courts in this district have repeatedly held that where the bankruptcy court possesses more familiarity with the facts of a case incident to its management of the bankruptcy proceedings, withdrawal of the reference to bankruptcy court should be delayed until the case is ready for trial."); *In re Sheldrake Lofts LLC*, 2014 WL 6450340, at *2 (S.D.N.Y. Nov. 15, 2014) (recognizing that "[a] determination that the Bankruptcy Court does not have final adjudicative authority of the claim does not mean that the reference should be withdrawn").

Defendant has not, at this point, demonstrated that the immediate withdrawal of the reference would promote judicial economy. While only this Court may enter a final judgment in this action, the Bankruptcy Court has more familiarity with the parties, the facts of this case and its underlying issues, and the litigation that has already occurred in the Bankruptcy Court. It has already set a scheduling order that has established various pretrial deadlines, including a discovery cutoff date. (*See* ECF No. 9 at 5.) The Court concludes that the best course is to delay withdrawal of the reference so that the Court may continue to benefit from the Bankruptcy Court's expertise and familiarity with the matter.

Although the Court declines to withdraw the reference at this time, it recognizes that it will be appropriate to do so in the future. Accordingly, the Court denies Defendant's Motion to Withdraw the Reference without prejudice to re-filing the request at or after the close of fact discovery.

## IV.  CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. Defendant's Motion to Withdraw the Reference (ECF No. 1) is DENIED WITHOUT PREJUDICE; and

2. This action continues to be REFERRED to the United States Bankruptcy Court for the District of Colorado for further pretrial proceedings.

Dated this 26th day of June, 2020.

BY THE COURT:

_____
William J. Martínez
United States District Judge